## ELLISON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 128.

Circuit Court of Appeals, Second Circuit.

Argued Jan. 17, 1935.

Decided April 1, 1935.

Edward F. Clark, of New York City (Leonard J. Reynolds and Edward F. Clark, both of New York City, of counsel), for petitioner-appellant.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., for respondent-appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The petitioner and James J. Hoey, both residents of New York City, in 1921 formed the partnership of Hoey & Ellison. With them as the sole partners, the partnership conducted a general insurance agency in New York City. In 1925, it was deemed advisable to divorce its life insurance department from the remainder of its business. For this reason and purpose a corporation was organized under the name of Hoey, Ellison & Wendt, Inc., which thereafter, and during the calendar year 1927, acted as the agent of the life insurance company which the partnership had before represented. Hoey, Ellison, and the former manager of the life insurance department of the partnership, Wendt, each subscribed for one-third of the authorized capital stock of the corporation, but none of the stock was actually paid for until 1928 when Wendt ceased to be interested in the business and Hoey and Ellison became the owners of all the stock.

Until then the corporation secured money as needed to conduct its business through loans from the partnership. These loans were set up as such both on the books of the partnership and on the books of the corporation. Each business was kept separate and distinct from the other, with no confusion of accounts and with a complete and accurate system of bookkeeping for each.

During 1926 and again in 1927 the corporation sustained net losses. The 1927 loss was made up in part of a carry-over of the 1926 loss. The partnership, however, had net income in 1927 much in excess of the corporation's net losses. The corporation rented its offices from the partnership and paid its rent by drawing checks to the partnership which were paid in part out of the loans above mentioned. It paid its president a salary and paid commissions to subagents in the same way.

In 1927, the partnership return of income was filed with a request signed both by the partnership and the corporation that their accounts be consolidated. The individual partners and the corporation filed returns for that year, and for present purposes we are to treat the request for consolidation of accounts as sufficient to entitle the petitioner to have the benefit if under the law the request should have been granted. And it has been stipulated that a similar petition for review by Mr. Hoey

raises only the issues here involved and will abide the result of this petition.

By the request for a consolidation of accounts, the petitioner does not seek to have the entire net loss of the corporation deducted from the net income of the partnership, but only the amount paid by the corporation as rent and the amount paid as compensation to its officers and sub-agents.

The request for consolidation of accounts was based on section 240 (f) of the Revenue Act of 1926 (26 USCA § 993 (f). It provided that: "In any case of two or more related trades or businesses (whether unincorporated or incorporated and whether organized in the United States or not) owned or controlled directly or indirectly by the same interests, the commissioner may and at the request of the taxpayer shall, if necessary in order to make an accurate distribution or apportionment of gains, profits, income, deductions, or capital between or among such related trades or businesses, consolidate the accounts of such related trades or businesses." The Board of Tax Appeals assumed, without expressly deciding, that this partnership and corporation were related businesses owned or controlled by the same interests within the meaning of the above section. Though that is debatable, we may well make the same assumption for the purposes of review.

The petitioner reads the section as meaning by "an accurate distribution or apportionment" such a consolidation as will bring about not only an accurate reflection of net income or net loss of both the partnership and the corporation, but one which will be "fair and just." He reaches the conclusion that what is accurate as thus defined must be a diminution of the tax assessed. Such an interpretation of the statute would in practical effect make it possible for a corporation and the members of a partnership situated like these to have their income taxes computed on the basis of a consolidated return. It would for the purpose of computing taxes not only accomplish the impossible by consolidating the return of a corporation with the information return of a partnership, but would disregard most of the conditions upon which alone other provisions of the statute allow the filing of a consolidated return by affiliated corporations. It would leave the matter at large on some indefinite basis of what in each instance was considered fair and just. Even if this section could literally be so read, the result would be so incongruous that no such intent should be ascribed to Congress if the section can reasonably be otherwise construed. Ozawa v. United States, 260 U. S. 178, 43 S. Ct. 65, 67 L. Ed. 199; Helvering v. N. Y. Trust Co., 292 U. S. 455, 54 S. Ct. 806, 78 L. Ed. 1361.

No such result as the petitioner here seeks ever has been accomplished, and it is difficult to perceive how it could be thought possible. This section merely permits the Commissioner in his discretion, or at the request of the taxpayer requires him, to consolidate accounts under the circumstances described. It is a step to be taken when necessary in aid of accounting so that the financial experience of each such related trade or business during the tax period may be correctly reflected and the gains or losses of each properly attributed. The method of computation of the tax, if any, of each related trade or business is fixed elsewhere in the statute and as so fixed must be followed to the same end whenever this section is applicable as when it is not.

By its express terms this section serves no purpose except when action under it is "necessary in order to make an accurate distribution or apportionment of gains, profits, income, deductions, or capital between or among such related trades or businesses." Whether that is necessary is primarily for the determination of the Commissioner whether he acts sua sponte or is requested to act by a taxpayer. If the Commissioner fails to find necessity for action and so refuses a taxpayer's request, his determination is final unless shown to have been arbitrary and contrary to the evidence. See Nowland Realty Co. v. Commissioner (C. C. A.) 47 F.(2d) 1018. It is on a par with other findings of fact. But in this case there is no dispute as to the facts at all. No claim is made that either the books of the corporation or those of the partnership failed to make an accurate distribution or apportionment. There being no reason whatever for the consolidation of accounts for the sake of accuracy in this regard, the section invoked was without application and there was no error in refusing the request.

Decision affirmed.